BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
SHEILA M. LIEBER
Deputy Director
PETER J. PHIPPS (DC Bar 502904)
Senior Trial Counsel
Civil Division, Federal Programs Branch
United States Department of Justice
P.O. Box 883 Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-8482
Fax: (202) 616-8470
Email: peter.phipps@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>SYLVIA MATHEWS BURWELL, Secretary of Health and Human Services. *et al.*,<br><br>Defendants. | Civil No. 3:16-cv-3539-LB<br><br>STIPULATED ORDER SETTING BRIEFING SCHEDULE AND STAYING INITIAL DISCOVERY OBLIGATIONS |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This case is premised on federal question jurisdiction, *see* 28 U.S.C. § 1331, because it presents a claim under the Constitution, specifically the Establishment Clause. No jurisdictional issue presently requires resolution: Defendants argued that the Court lacked subject matter jurisdiction due to a lack of taxpayer standing, and the Court denied that

motion.  There is no dispute that Defendants, sued in their official capacities, have been properly served.

2. Facts
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

This litigation involves unaccompanied alien children apprehended in the United States and who are placed in federal custody, specifically the custody of the Department of Health and Human Services (HHS) or one of its sub-agencies, such as the Office of Refugee Resettlement (ORR).  Congress has charged HHS with the "care and custody of all unaccompanied alien children" referred to their care.  8 U.S.C. § 1232(b).  Additionally, the Director of ORR has responsibility for the care of unaccompanied alien children previously performed by the prior Immigration Naturalization Services.  *See* 6 U.S.C. § 279(a).  To provide for the care and custody of the unaccompanied children, Defendants have awarded numerous grants to various entities.  Organizations receiving those competitively awarded grants ("ORR-grantees") provide day-to-day services for the unaccompanied children while in federal custody.

As a matter of law, discussed *infra* Resp. No. 3, the parties disagree as to the precise legal requirements for providing access to abortion and contraception services to unaccompanied children in the custody of ORR-grantees.  Plaintiff alleges, but Defendants do not agree, that Defendants permit certain religiously-affiliated ORR-grantees to transfer children out of their programs or refuse to accept children into their programs because those children sought abortions.  The parties do agree that Defendants permit certain religiously-affiliated ORR-grantees to refrain from themselves providing access to or referring for certain services to unaccompanied children while those children remain in their physical custody.

3. Legal Issues
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

The parties foresee three legal issues upon which they disagree:

A. As noted above, *see supra* Resp. No. 2, the parties do not agree as to the precise legal requirements for providing abortion and contraception services to unaccompanied

*Form updated August 2014*

children in the custody of ORR grantees. Plaintiff contends that Defendants and each ORR-grantee are responsible for providing unaccompanied children with access to abortion and contraceptive services while the children remain in the grantee's physical custody, based on the *Flores v. Reno* consent decree and the interim final rule promulgated pursuant to the Prison Rape Elimination Act. Defendants assert that those authorities are more nuanced, for instance, by generally requiring licensed programs, which includes ORR-grantees, to "provide or arrange for" "appropriate . . . family planning services."

B. The parties disagree as to whether the Defendants have violated the Establishment Clause. *See, e.g.*, *Mitchell v. Helms*, 530 U.S. 793 (2000); *Bd. of Educ. of Kiryas Joel Village Sch. Dist. v. Grumet*, 512 U.S. 687 (1994); *Cnty. of Allegheny v. ACLU Greater Pittsburgh Chapter*, 492 U.S. 573, 593 (1989); *Texas Monthly, Inc. v. Bullock*, 489 U.S. 1 (1989); *Estate of Thornton v. Caldor, Inc.*, 472 U.S. 703 (1985); *Larkin v. Grendel's Den, Inc.*, 459 U.S. 116 (1982); *Lemon v. Kurtzman*, 403 U.S. 602 (1971); *ACLU of Massachusetts v. Sebelius*, 821 F. Supp. 2d 474 (D. Mass 2012), *vac'd as moot*, 705 F.3d 44 (1st Cir. 2013). Defendants disagree with that claim and believe that their conduct was permissible under the Establishment Clause.

C. The parties disagree as to the scope of the relief potentially available. Plaintiff seeks a permanent injunction binding Defendants with respect to all present and future grants involving the provision of services to unaccompanied alien children. Defendants believe that any injunction that Plaintiff received would be limited to grants awarded under announcement HHS-2014-ACF-ORR-ZU-0608, entitled "Residential Services for Unaccompanied Alien Children," and would not extend to other programs or grants administered by Defendants.

4. <u>Motions</u>

*All prior and pending motions, their current status, and any anticipated motions.*

Defendants moved to dismiss this case; that matter has been resolved through Order dated November 29, 2016. There is a motion to intervene pending. The parties anticipate

*Form updated August 2014*

filing summary judgment motions, and potentially a motion for a protective order to facilitate the exchange of sensitive or personally identifiable information in discovery.

5. Amendment of Pleadings
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Plaintiffs have raised the possibility that they may amend their complaint, and the parties agree that plaintiffs shall have until January 6, 2017, to do so. To account for that possibility, the parties agree that Defendants' answer shall be due January 27, 2017, which shall also serve as the deadline for the amendment of pleadings. The deadline for the addition of parties shall be February 1, 2017.

6. Evidence Preservation
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties certify that their counsel has reviewed the ESI Guidelines and have conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to this action.

7. Disclosures
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties previously stayed initial disclosure obligations, and they have agreed that initial disclosures shall be due on January 13, 2017.

8. Discovery
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No formal discovery has taken place, although pre-suit Plaintiff received a volume of documents from Defendants through responses to requests under the Freedom of Information Act. The parties have discussed attempting to minimize discovery through stipulation, *see infra* Resp. to No. 15, and seek a brief period of time to stipulate to as many underlying facts as

*Form updated August 2014*

possible before commencement of formal discovery. The stipulation period would end on January 18, 2017, and formal discovery would begin on January 23, 2017. To facilitate and ensure completeness to the stipulation period, initial disclosures shall be due on January 13, 2017. At present, the scope of discovery depends on the volume of factual stipulations that the parties are able to agree upon. For now, the parties agree that all discovery, including expert discovery, which will not be on a separate track, should end on July 14, 2017. If the parties agree on comprehensive stipulations, then the discovery period may be shortened.

With respect to expert discovery, the parties are presently unsure as to their reliance upon expert witnesses, but for scheduling purposes, expert reports shall be due on May 1, 2017, and rebuttal expert reports shall be due June 16, 2017.

The parties agree to a following discovery plan and limits on the discovery rules as set forth. The parties shall have the ability to use the following discovery tools:

- Depositions (limited to 70 hours, and no more than 12 deponents, including experts and non-party witnesses; no individual deposition shall exceed 7 hours absent leave of court);
- Requests for production of documents (15 per party);
- Requests for admission (15 per party);
- Interrogatories (15 per party); and
- There appears to be no need for depositions by written question, *see* Fed. R. Civ. P. 31, or for independent medical exams, *see* Fed. R. Civ. P. 35, and those discovery tools shall be permitted only upon prior court order.

The parties are not in a position – at this time – to stipulate to an e-discovery order, but the parties will re-visit the applicability of the Model Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation, at the close of the proposed stipulation period.

At present, the parties have not identified and potential discovery disputes.

9. Class Actions
*If a class action, a proposal for how and when the class will be certified.*

*Form updated August 2014*

This case is not a class action.

10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

There are no pending related cases or proceedings.

11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff seeks declaratory relief, and a permanent injunction ordering Defendants to ensure that the HSA and TVPRA grants are implemented without imposition of religiously based restrictions on the expenditure of taxpayer funds.

12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Because this litigation involves a constitutional challenge to the administration of a program by a federal agency, it is not a strong candidate for settlement efforts. For that reason, the parties do not believe that any of the ADR options made available by the Court would facilitate the resolution of this case.

13. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* __X__ YES ____NO

Plaintiff and Defendants have consented to a magistrate judge.

14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

Because this case involves a constitutional challenge to the administration of a program by a federal agency, it is not suitable for referral to binding arbitration or a special master, nor does it implicate MDL concerns.

15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties are optimistic that they will be able to stipulate to a substantial portion of the facts necessary to resolve this case. To account for that possibility, the parties have agreed

*Form updated August 2014*

to refrain from commencing formal discovery for approximately one month, until January 18, 2017, to devote their efforts to exploring the possibility of comprehensive stipulations, which could reduce and potentially avoid the need for discovery in part.

16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

This case does not lend itself well to the expedited trial procedures set forth in General Order No. 64; nonetheless, as indicated in response to No. 15 above, the parties will attempt to narrow the issues through stipulation as a means of both reducing and expediting discovery.

17. Scheduling

*Proposed dates for expert designation, discovery cutoff, dispositive motions hearing, pretrial conference and trial.*

The parties proposed the following dates for discovery and motion practice:

- Initial Disclosures: January 13, 2017
- Discovery Begins: January 23, 2017
- Expert Reports: May 1, 2017
- Rebuttal Expert Reports: July 14, 2017
- Discovery Cutoff (meaning discovery must be served so that responses are due before this date): July 14, 2017.
- Summary Judgment Motions: September 8, 2017
- Summary Judgment Oppositions: October 16, 2017
- Summary Judgment Reply: November 3, 2017
- Oral Argument on Summary Judgment: December 7, 2017
- Pre-trial Conference: (Unlikely) March 8, 2018
- Trial: (Unlikely) March 19, 2018.

18. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

If necessary this case would be a bench trial, but the parties presently do not think that there is a high likelihood that there will be material facts in genuine dispute, and therefore believe that this case will most likely be resolved through summary judgment.

*Form updated August 2014*

19. Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiffs have done so; Defendants, who are federal officials, sued in their official capacities, have not due to the exemption provided in N.D. Cal. Civil Rule 3-15(a) ("The Rule does not apply to any governmental entity or its agencies.").

20. Professional Conduct

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

Counsel of record for plaintiff has reviewed the Guidelines for Professional Conduct for the Northern District of California, as has counsel for Defendants.

21. Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The parties contemplate that an initial stipulation period could assist in the just, speedy, and inexpensive disposition of this matter, and have therefore included such a period in the proposed discovery plan.

The parties respectfully request a case schedule order per these stipulations.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: December 16, 2016          /s/ *Brigitte Amiri*
                                          Counsel for Plaintiff

Dated: December 16, 2016          /s/ *Peter J. Phipps*
                                          Counsel for Defendants[1]

---

[1] Pursuant to N.D. Cal. Civ. R. 5.1(i)(3), I, Peter J. Phipps hereby attest that I have been authorized by Counsel for Plaintiff to submit her electronic signature indicated by the 'conformed' signature (/s/) in the signature block for Counsel for Plaintiff.

*Form updated August 2014*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT/MAGISTRATE JUDGE

*Form updated August 2014*