CHAD A. READLER
Acting Assistant Attorney General
SHEILA M. LIEBER
Deputy Director
PETER J. PHIPPS (DC Bar 502904)
Senior Trial Counsel
Civil Division, Federal Programs Branch
United States Department of Justice
P.O. Box 883 Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-8482
Fax: (202) 616-8470
Email: peter.phipps@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>SYLVIA MATHEWS BURWELL, Secretary of Health and Human Services. *et al.*,<br><br>Defendants. | Civil No. 3:16-cv-3539-LB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Sylvia Mathews Burwell, in her official capacity as Secretary of Health and Human Services ("HHS"),[1] Mark Greenberg, in his official capacity as Acting Assistant Secretary for the Administration of Children and Families ("ACF"),[2] and Robert Carey, in his

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Thomas E. Price, M.D., is automatically substituted as a defendant in his official capacity as Secretary of Health and Human Services for Sylvia Mathews Burwell.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Amanda Barlow is automatically substituted as a defendant in her official capacity as Acting Assistant Secretary for Children and Families for Mark Greenberg.

official capacity as Director of the Office of Refugee Resettlement ("ORR"),[3] answer plaintiff's Amended Complaint (ECF No. 57) in the following numbered paragraphs:

     1.     Defendants admit that there are thousands of unaccompanied alien children ("UACs")[4] in the legal custody of the federal government, that some report abuse and torture in their home countries or sexual abuse, that some report trafficking for labor and prostitution, and many have been separated from their families. Defendants are without knowledge or information sufficient to form a belief as to the remaining averments in this paragraph.

     2.     This paragraph contains legal conclusions, to which no factual response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

     3.     Defendants deny the allegations in this paragraph other than to admit that ORR issues grants for the care and custody of UAC, including to entities that are religiously affiliated.

     4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph because it does not identify the specific "documents obtained through the Freedom of Information Act."

     5.     Defendants admit that ORR approved grants to USCCB for less than $10,000,000 in 2014 to care for UACs and that, upon information and belief, USCCB's subgrants do not themselves provide abortion or contraception services and/or prohibit grantees from providing certain services. Defendants deny the remaining allegations in this paragraph.

     6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

     7.     Defendants deny the allegations in this paragraph.

---

[3] Pursuant to Federal Rule of Civil Procedure 25(d), Kenneth Tota is automatically substituted as a defendant in his official capacity as Acting Director of the Office of Refugee Resettlement for Robert Carey.

[4] Plaintiff uses the phrase 'unaccompanied immigrant minors' to refer to the statutory term "unaccompanied alien child" as defined in 6 U.S.C. § 279(g)(2). *See* First Am. Compl. at 6 n.1. In the Answer, Defendants use terminology reflected in the statutory text, either "unaccompanied alien child" or "unaccompanied alien children" ("UAC" or "UACs" respectively).

1   8.   Defendants deny the allegations in this paragraph.

2   9.   Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in the first sentence of this paragraph without a source for the quoted material; Defendants admit that the First Circuit dismissed the prior case on mootness grounds. Defendants admit that in September 2015, Defendants awarded USCCB a multi-million dollar grant to provide time-limited comprehensive case management services to foreign victims of severe forms of trafficking and potential victims of severe forms of trafficking and deny the remaining allegations contained in second sentence of this paragraph. Defendants deny the allegations in the third sentence of this paragraph on the grounds that Plaintiff has not completely, accurately, and fairly quoted from the referenced document. Defendants deny the allegations in the fourth sentence of this paragraph because the antecedent "once again" is unclear; Defendants state upon information and belief that USCCB does not itself provide abortion and contraceptive services with federal funding. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in the fifth sentence of this paragraph.

10.   Defendants deny the allegations in this paragraph.

11.   Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in the first sentence of this paragraph. The second sentence of this paragraph is a characterization of the relief sought in this action, to which no factual response is required; to the extent that a response is required, Defendants deny that Plaintiff is entitled to any relief.

12.   Defendants deny the allegations in this paragraph.

13.   Defendants deny the allegations in this paragraph.

14.   Defendants deny the allegations in this paragraph.

15.   Defendants deny the allegations in this paragraph.

16.   Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in the first three sentences of this paragraph. Defendants deny the allegations in the fourth sentence of this paragraph.

18. Defendants deny the allegations in this paragraph.

19. Defendants deny the allegations in this paragraph.

20. Defendants deny the allegations in this paragraph.

21. With respect to the first sentence of this paragraph, Defendants admit that UACs enter federal custody – not necessarily Defendants' custody – in a variety of ways. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in the remainder of this paragraph.

22. This paragraph contains legal conclusions, to which no factual response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph, except to state that absent exceptional circumstances, any federal agency with custody of an individual determined to be an "unaccompanied alien child" shall transfer custody of that child to HHS not later than 72 hours after making the UAC determination, and that in Fiscal Year 2015, the Department of Homeland Security ("DHS") referred 33,726 UACs to ORR.

23. This paragraph contains legal conclusions, to which no factual response is required. To the extent a response is required, Defendants deny Plaintiff has completely, accurately, and fairly quoted from 6 U.S.C. § 279(b)(1), Defendants refer instead to that statutory text.

24. This paragraph contains legal conclusions, to which no factual response is required. To the extent a response is required, Defendants deny that Plaintiff has completely, accurately, and fairly quoted from 8 U.S.C. § 1232(c)(2)(A), Defendants refer instead to that statutory text.

25. Defendants admit the first, second, fourth, fifth and sixth sentences of paragraph. Defendants are without sufficient knowledge or information to form a belief as to the third sentence of this paragraph. Defendants deny the seventh sentence of this paragraph.

26. Defendants admit the allegations in this paragraph.

27. Defendants admit the allegations in this paragraph.

28. Defendants deny the allegations in the first, third, and sixth sentences of this paragraph. Defendants are without sufficient knowledge or information to form a belief as to the allegations in the second and fifth sentences of this paragraph. Defendants deny the allegations in the fourth sentence this paragraph but states that the policy is to administer a pregnancy test within 48 hours for females aged 10 or older. Defendants are without sufficient knowledge or information to form a belief as to the allegations in the fifth sentence of this paragraph.

29. This paragraph contains legal conclusions, to which no factual response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

30. This paragraph contains legal conclusions, to which no factual response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph and refer to the full text of 45 C.F.R. §§ 411.92(a) and 411.93(d), as well as the preamble to the interim final rule, 79 Fed. Reg. 77768 (Dec. 24, 2014).

31. Defendants are without sufficient knowledge or information to form a belief as to the allegation in this paragraph.

32. Defendants deny the first sentence in this paragraph. The second sentence of this paragraph contains legal conclusions, to which no factual response is required. To the extent that a response is required, Defendants deny the allegations in that sentence.

33. Defendants deny the allegations in this paragraph except to state that Defendants altered the language for some cooperative agreements prior to signature, at least in part, due to USCCB's objection.

34. Defendants deny the allegations in this paragraph except to admit that the quoted text can be found in an unsigned cooperative agreement and not one signed by USCCB.

35. Defendants deny the allegations in this paragraph except to admit that ORR removed this language from an unsigned 2011 cooperative agreement based on USCCB's objection.

36. Defendants deny the allegations in the first and fourth sentences of this paragraph. Defendants admit the second and third sentences of this paragraph. Defendants further deny the allegations in footnote to this paragraph on the grounds that Plaintiff has not completely, accurately, and fairly quoted from the referenced document.

37. Defendants deny the allegations in the first sentence of this paragraph. Defendants admit the second and third sentences of this paragraph.

38. Defendants admit that Catholic Charities of Galveston-Houston has stated that it would not provide family planning information to UACs in its care, but Defendants deny the remainder of this paragraph.

39. Defendants admit the allegations in this paragraph.

40. Defendants admit the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph except to admit that the Archdiocese of Galveston-Houston received more than $8,000,000 in federal grant funds for UACs between November 1, 2013 and September 30, 2016.

41. Defendants deny the allegations in the first and third sentences of this paragraph. Defendants admit the allegations in the second sentence of this paragraph.

42. Defendants admit the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second and third sentences of this paragraph.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

45. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

1    48.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

2    49.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

3    50.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

4    51.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

5    52.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

6    53.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

7    54.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

8    55.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

9    56.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in the first, third, fifth, and sixth sentences of this paragraph.  The second sentence contains a characterization of "human trafficking"; defendants deny that this characterization is fully consistent with the definition of that term as used in the TVPA and instead refer to the text of the Act.  Defendants deny the allegations in the fourth sentence, except to admit that some women who have been trafficked experience unintended pregnancy and may be at risk for sexually transmitted infection.

10    57.    This paragraph contains legal conclusions, to which no factual response is required.  To the extent that a response is required, Defendants deny the allegations in this paragraph on the grounds that Plaintiff has not completely, accurately, and fairly characterized the TVPA, and instead refer to the text of the Act.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph except to state that Defendants provide grants to nonprofits to provide time-limited comprehensive case management services to foreign victims of severe forms of trafficking or potential victims of severe forms of trafficking seeking certification.

59. Defendants deny the allegations in this paragraph except to states that that in 2006, Defendants awarded a multi-year, multi-million dollar contract to USCCB.

60. This paragraph contains legal conclusions, to which no factual response is required. To the extent a response is required, Defendants admit that the District Court found an Establishment Clause violation, but deny that such an opinion, which was subsequently vacated, has any binding legal effect.

61. Defendants deny the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph, except to state that ORR selected three organizations to receive grants under the new FOA that, among other activities, would ensure that those eligible to receive services under the grant understand the full range of services available to them, including reproductive health services. Defendants admit the allegations in the third sentence of this paragraph.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in the first sentence of this paragraph without a source for the quoted material. Defendants deny the allegations in the second and third sentences of this paragraph on the grounds that Plaintiff has not completely, accurately, and fairly characterized the First Circuit opinion.

63. Defendants admit the allegations in this paragraph.

64. Defendants deny the allegations in this paragraph on the grounds that Plaintiff has not completely, accurately, and fairly characterized the FOA, and instead refer to that document.

65. Defendants deny the allegations in this paragraph on the grounds that Plaintiff has not completely, accurately, and fairly characterized the FOA, and instead refer to that document.

66. Defendants deny the allegations in this paragraph except to state that in 2015 USCCB was awarded a grant in excess of $2 million dollars;  that in September 2016, the award was less than $2 million; and that the USCCB application and cooperative agreement listed the two regions of the country identified in this paragraph as areas in which it would implement the trafficking victims assistance program.

67. Defendants deny the allegations in this paragraph except to state that the 2016 Cooperative agreement for TVAP between Defendants and USCCB contains the quoted text.

68. Defendants deny the allegations in the first and second sentences of this paragraph except to state the quoted language appears in emails between ACF staff and USCCB staff.  Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in the third and fourth sentences of this paragraph.

69. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

70. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in the first sentence of this paragraph.  With respect to the allegations in the second, third, and fourth sentences of this paragraph, defendants admit that Bishop Mark Seitz testified before the House Judiciary Committee on June 25, 2014, but otherwise these sentences characterize the testimony to which no response is required, and Defendants refer to that testimony.. Defendants admit the allegations in the third and fourth sentences of this paragraph.  With respect to the fifth sentence of this paragraph, defendants admit that Kristyn Peck submitted testimony to the House Judiciary Subcommittee on Immigration and Border Security on February 4, 2016, but defendants deny that the testimony identified USCCB as directly providing the quoted services.

71. This paragraph characterizes the contents of a document, Defendants refer to the document itself.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

73. Defendants admit the allegations in this paragraph.

74. Defendants admit the allegations in this paragraph.

75. Defendants incorporate by reference their responses in paragraphs 1 through 74.

76. Defendants deny the allegations in this paragraph.

77. Defendants deny the allegations in this paragraph.

78. Defendants deny the allegations in this paragraph.

79. Defendants deny the allegations in this paragraph.

80. Defendants deny the allegations in this paragraph.

81. Defendants deny the allegations in this paragraph.

WHEREFORE Defendants deny that plaintiff is entitled to any relief and instead request that pray that the Court dismiss Plaintiff's suit with prejudice, render judgment that Plaintiff take nothing, assess costs against plaintiff, and award Defendants all other relief to which they are entitled.

**AFFIRMATIVE DEFENSES**

1. For the convenience of witnesses and parties, and in the interests of justice, this action should be transferred under 28 U.S.C. § 1404(a) to the United States District Court for the District of Columbia.[5]

Date   February 16, 2017         Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

SHEILA M. LIEBER
Deputy Director

---

[5] Defendants intend to raise other defenses, such as failure to prove an Establishment Clause violation, lack of subject matter jurisdiction, and lack of standing, but in light of Federal Rule of Civil Procedure 8(c), and this Court's opinions, Defendants do not list those as affirmative defenses required to be pleaded in an answer. *See* Fed. R. Civ. P. 8(c); *Hernandez v. Dutch Goose, Inc.*, 2013 WL 5781476 (N.D. Cal. Oct. 25, 2013); *Miller v. Ghirardelli Chocolate Co.*, 2013 WL 3153388 (N.D. Cal. June 9, 2013); *Bottoni v. Sallie Mae, Inc.*, 2011 WL 3678878 (N.D. Cal. Aug. 22, 2011).

|   |   |
|---|---|
| 1 | |
| 2 | /s/ *Peter J. Phipps* <br> PETER J. PHIPPS <br> Senior Trial Counsel <br> Civil Division, Federal Programs Branch <br> United States Department of Justice |

Case 3:16-cv-03539-LB   Document 60   Filed 02/16/17   Page 11 of 11

DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
CV 16-3539-LB