CHAD A. READLER
Acting Assistant Attorney General
SHEILA M. LIEBER
Deputy Director
PETER J. PHIPPS (DC Bar 502904)
Senior Trial Counsel
ADAM GROGG (N.Y. Bar)
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
P.O. Box 883 Ben Franklin Station
Washington, DC 20530
Telephone: (202) 616-8482
Fax: (202) 616-8470
Email: peter.phipps@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS E. PRICE, M.D.,[1] Secretary of Health and Human Services, *et al.*,<br><br>Defendants. | Civil No. 3:16-cv-3539-LB<br><br>**DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>Date:        April 13, 2017<br>Time:        9:30 a.m.<br>Courtroom: Courtroom C, 15th Floor<br>Judge:       Hon. Laurel Beeler |

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Thomas E. Price, M.D., is automatically substituted as a defendant in his official capacity as Secretary of Health and Human Services for Sylvia Mathews Burwell.

MOTION TO TRANSFER VENUE
CV 16-3539-LB

## NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

**PLEASE TAKE NOTICE THAT** on April 13, 2017, at 9:30 a.m., before the Honorable Laurel Beeler, Courtroom C, 15th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendants Thomas E. Price, M.D., in his official capacity as Secretary of Health and Human Services ("HHS"), Amanda Barlow, in her official capacity as Acting Assistant Secretary for the Administration for Children and Families, and Kenneth Tota, in his official capacity as Acting Director of the Office of Refugee Resettlement, will and hereby do move for an order transferring this case to the United States District Court for the District of Columbia.

Defendants move to transfer this action to the District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses, and for the interests of justice. The bases for defendants' Motion to Transfer are this Notice of Motion; the accompanying Memorandum of Points and Authorities; the pleadings and court filings in this action, including plaintiff's Amended Complaint; the parties' Initial Disclosures (attached as exhibits); any matter that may be judicially noticed, including September 2016 data from the United States Courts; and any other matter presented before the Court through oral argument, supplemental briefing, or otherwise.

### STATEMENT OF ISSUES TO BE DECIDED

Pursuant to N.D. Cal. Civ. R. 7-4(a)(3), defendants identify the following issues to be decided:

1. Whether venue would otherwise be proper in the District Court for the District of Columbia.

2. Whether transfer to the District Court for the District of Columbia is more convenient for the parties and the witnesses, and furthers the interests of justice.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This case has no meaningful nexus to the Northern District of California and should be transferred under 28 U.S.C. § 1404 to the United States District Court for the District of Columbia.  The two federal programs challenged in the Amended Complaint – the unaccompanied alien children program and the human trafficking victims program – are both administered by components of the Department of Health and Human Services ("HHS") in Washington, D.C.  Specifically, the Office of Refugee Resettlement ("ORR"), within the Administration for Children and Families ("ACF") at HHS, awards and administers grants and cooperative agreements under the unaccompanied alien children program.  Similarly, the Office of Trafficking in Persons ("OTIP"), also within ACF, awards and administers grants and cooperative agreements for time-limited comprehensive case management services for certain foreign human trafficking victims.  As evidenced by the recently exchanged initial disclosures, all of plaintiff's and defendants' witnesses are from ORR or for OTIP in Washington, D.C.  The initial disclosures also reveal that the documents that plaintiff intends to use to support its claims were produced by HHS from Washington, D.C.  The newly added defendant-intervenor, the United States Conference of Catholic Bishops ("USCCB"), is also located in Washington, D.C.  Finally, transferring the case would further the interests of justice: the District Court for the District of Columbia has half as many cases assigned per judge (250) as does the District Court for the Northern District of California (572).

In selecting where to litigate on behalf of its taxpayer members, plaintiff picked the Northern District of California, and it has not consented to this transfer motion (USCCB fully consents to the transfer).  Under the circumstances, however, plaintiff's preferred forum should receive little, if any, weight.  First, plaintiff proceeds on a theory of associational standing – solely due to its members' status as taxpayers – and none of its members are required to participate in the suit.  Thus, there is no indication or expectation that any members of the American Civil Liberties Union of Northern California will participate in this suit.  Moreover, it is hardly in the interests of justice to permit an organization to select any forum in which at least

1  one of its taxpayer members resides.  Finally, the links to this forum are even more attenuated
2  because it was the ACLU's national office – not its Northern California branch – that sued
3  under the Freedom of Information Act to obtain documents cited in the Amended Complaint,
4  and those documents appear to have formed the basis for plaintiff's allegations in this action.
5  For these reasons, as elaborated below, this case should be transferred to the United States
6  District Court for the District of Columbia.

## ARGUMENT

Motions to transfer under § 1404 are adjudicated based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 30 (1998); *accord Kinney v. Takeuchi*, No. 3:16-cv-2018-LB, 2016 WL 4268673, at *2 (N.D. Cal. Aug. 15, 2016).  In conducting the transfer analysis, courts consider several factors, starting with those articulated in statute.  By its text, § 1404 permits a transfer to another district in which the action could have been brought "for the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  As a supplement, courts rely on common law considerations, which the Ninth Circuit has identified as the following:

   (1) the location where the relevant agreements were negotiated and executed,

   (2) the state that is most familiar with the governing law,

   (3) the plaintiff's choice of forum,

   (4) the respective parties' contacts with the forum,

   (5) the contacts relating to the plaintiff's cause of action in the chosen forum,

   (6) the differences in the costs of litigation in the two forums,

   (7) the availability of compulsory process to compel attendance of unwilling non-party
       witnesses, and

   (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *see generally Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-09 (1946) (articulating considerations); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (same).  "Courts may also consider 'the administrative difficulties flowing from court congestion and the local interest in

1 having localized controversies decided at home.'" *Kinney*, 2016 WL 4268673, at *2 (alterations
2 omitted) (quoting *Decker Coal*, 805 F.2d at 843). The weight of these considerations indicates
3 that this case should be transferred to the District of Columbia, where venue would otherwise be
4 appropriate.

**I.     VENUE IS APPROPRIATE IN THE DISTRICT OF COLUMBIA.**

Venue in this matter is permitted in any of three locations: the defendants' residence, the place in which a substantial portion of the complained of actions or inactions occurred, or the plaintiff's residence. *See* 28 U.S.C. § 1391(e). Accordingly, venue is plainly is proper in the District of Columbia.

First, all defendants in this official-capacity action against the Secretary of HHS, the Administrator of ACF, and the Director of ORR reside in Washington, D.C. Second, a substantial portion of the complained of actions occurred in Washington, D.C. In fact, as documented in the parties' initial disclosures, the challenged decisions regarding the unaccompanied alien children program and the human trafficking program were made by officials and employees who work at HHS in Washington, D.C. *See* Defs.' First Suppl. Initial Disclosures at 1-2 (copy attached as Ex. A).

Accordingly, this action "might have been brought" in the District of Columbia, and it therefore constitutes a valid transfer venue. 28 U.S.C. § 1404(a).

**II.    THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF COLUMBIA.**

**A.     This action has no meaningful tie to the Northern District of California.**

This case challenges decisions made by federal agencies in Washington, D.C., and it should be transferred there for the convenience of the parties and witnesses. Plaintiff identifies nine potential witnesses that it intends to rely on, and each of them works for HHS in Washington, D.C. *See* Pl.'s Suppl. Initial Disclosures at 3-4 (copy attached as Ex. B). Similarly, defendants identify ten potential witnesses that they may use to support their defenses, five of whom appear on plaintiff's list. *See* Defs.' First Suppl. Initial Disclosures at 1-2 (copy attached as Ex. A). Each of those witnesses works for HHS in Washington, D.C. The addition of defendant-intervenor USCCB further underscores the appropriateness of transfer to

the District of Columbia, as USCCB's headquarters is located in Washington, D.C.  Moreover, in its initial disclosures, USCCB identifies six witnesses, one of whom works for ACF, and the others are all tied to USCCB in Washington, D.C.  *See* USCCB's Initial Disclosures at 2-3 (copy attached as Ex. C).  Notably, no party has expressed any intention to rely on witnesses identified in the Northern District of California.  Because the "relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)," *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005), there is little reason to maintain this action here, where none of the witnesses are located.

As with the witnesses, the remaining sources of proof, identified by the parties in their initial disclosures, also originate from the District of Columbia.  All documents identified on plaintiff's and defendants' initial disclosures are from HHS's possession in Washington, D.C.  *See See* Defs.' First Suppl. Initial Disclosures at 2-5 (copy attached as Ex. A); Pl.'s Suppl. Initial Disclosures at 4 (copy attached as Ex. B).[2]  Similarly, USCCB identifies documents that originate either from HHS or USCCB.  *See* USCCB's Initial Disclosures at 3-4 (copy attached as Ex. C).  Those facts again favor transfer to the District of Columbia.  *See Saleh*, 361 F. Supp. 2d at 1167 (citing the fact that relevant documents were "in the possession of the Defense Department and other agencies located in and around the Eastern District of Virginia" in transferring the action to that judicial district).

**B.     Plaintiff's choice of this judicial district is not entitled to weight.**

Although plaintiff is based in this judicial district and has selected this judicial district, that should receive little, if any, weight.  "'If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter,' the plaintiff's choice 'is entitled only minimal consideration.'"  *Kinney*, 2016 WL 4268673, at *2 (quoting *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)); *see also Saleh*, 361 F. Supp. 2d at 1157-58 ("numerous courts have given less deference to the plaintiff's choice of forum where the action

---

[2] To the extent that plaintiff has copies of those documents, those were obtained through a FOIA action that has no nexus to this judicial district:  it was initiated by ACLU's national office, not by the ACLU of Northern California, and it was litigated not in the Northern District of California but in the Southern District of New York.  *See Am. Civil Liberties Union v. Dep't of Health & Human Servs.*, No. 15-cv-2645 (S.D.N.Y. filed Apr. 6, 2015).

MOTION TO TRANSFER VENUE
CV 16-3539-LB

5

1  has little connection with the chosen forum" (collecting cases)); 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3848 (3d ed. 1998) (explaining that a plaintiff's venue choice should be given less weight if it has no obvious connection to the case).  "This is true *even if* the plaintiff is a resident of the forum." *Chesapeake Climate Action Network v. Export-Import Bank of the United States*, No. 13-cv-3532-WHA, 2013 WL 6057824, at *2 (N.D. Cal. Nov. 15, 2013).

Here, as demonstrated above, plaintiff has not selected a forum with any "particular interest to the parties or the subject matter."  *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).  In addition, given the hundreds of millions of potential plaintiffs for this action – under plaintiff's theory, any federal taxpayer or any organization with federal taxpayer members could sue – transferring the case to the District of Columbia, which is the judicial district with the greatest connection to the allegations and claims, is most consistent with the purposes of § 1404.  *See Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) (explaining, in the context of a shareholder derivative suit, that plaintiff's assertion of the appropriate forum is "considerably weakened"); *Lou*, 834 F.2d at 739 (explaining that when a plaintiff brings a derivative suit or represents a class, the plaintiff's choice of forum is given less weight); *Polaroid Corp. v. Casselman*, 213 F. Supp. 379 (S.D.N.Y. 1962) (explaining that plaintiff's selection of venue is entitled to no weight whatsoever when it appears that the plaintiff was forum shopping and that the selected forum has little or no connection with the parties or the subject matter).  Thus, for many of the same reasons as in *Kinney*, transfer is proper: "defendants . . . work [in the District of Columbia]," the complained of actions occurred there, "and the witnesses are there, [2,845] miles away, outside the reach of [this Court's] compulsory process."  2016 WL 4268673, at *2; *see Chesapeake Climate*, 2013 WL 6057824, at *2-3 (granting motion to transfer where the challenged governmental "decisionmaking . . . occurred exclusively in the District of Columbia," even where two of the plaintiffs were headquartered in the Northern District of California).

MOTION TO TRANSFER VENUE
CV 16-3539-LB

### C. The Administration of Justice Favors Transfer to the District of Columbia.

A comparison of the dockets demonstrates that a transfer to the District of Columbia would be in the interests of justice. Based on statistics from September 30, 2016, the District of Columbia has fewer cases per judge:

**Actions per Judgeship**

|  | D.D.C. | N.D. Cal. | Nat'l Avg. |
|---|---|---|---|
| **Total Filings** | 212 | 597 | 573 |
| **Civil Filings** | 180 | 522 | 431 |
| **Pending Cases** | 250 | 572 | 659 |

*See* United States District Courts – National Judicial Caseload Profile at 1 (national averages), 2 (D.D.C. data), 66 (N.D. Cal. data).[3] As these figures reveal, the District of Columbia has per-judge dockets that are a fraction of those in this judicial District, and well below the national average. Transferring this action to the District of Columbia is therefore consistent with alleviating "court congestion" and the administration of justice. *Decker Coal*, 805 F.2d at 843.

### CONCLUSION

For the foregoing reasons, this action should be transferred to the United States District Court for the District of Columbia.

March 9, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

SHEILA M. LIEBER
Deputy Director

/s/ *Peter J. Phipps*
PETER J. PHIPPS
ADAM GROGG (N.Y. Bar)
Civil Division, Federal Programs Branch
United States Department of Justice

---

[3] *Available at* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2016.pdf. In assessing court congestion, courts also "consider the median time from filing to disposition or trial." *Chesapeake Climate Action Network*, 2013 WL 6057824, at *3. For the year ending in September 2016, the relevant figures for the District of Columbia and the Northern District of California are not meaningfully different. *See* United States District Courts – National Judicial Caseload Profile at 2 (7.8 months from filing to disposition for civil cases in the District of Columbia); *id.* at 66 (7.4 months for the Northern District of California).

MOTION TO TRANSFER VENUE
CV 16-3539-LB