CHAD A. READLER
Acting Assistant Attorney General
JOEL McELVAIN
Assistant Branch Director
PETER J. PHIPPS (DC Bar 502904)
Senior Trial Counsel
MARTIN TOMLINSON (S.C. Bar)
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
P.O. Box 883 Ben Franklin Station
Washington, DC 20530
Telephone: (202) 353-4556
Fax: (202) 616-8470
Email: martin.m.tomlinson@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>DON WRIGHT,[1] Acting Secretary of Health and Human Services, *et al.*,<br><br>Defendants. | Civil No. 3:16-cv-3539-LB<br><br>**STATEMENT REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Don Wright, is automatically substituted as a defendant in his official capacity as Secretary of Health and Human Services for Thomas E. Price, M.D.

MOTION TO TRANSFER VENUE
CV 16-3539-LB

# STATEMENT REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Defendants respectfully submit the following in response to this Court's ECF Order of October 5, 2017, ECF No. 86, ordering Defendants to submit a "short response" to the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 84.

In its order, this Court noted a lack of warning that plaintiff's motion was about to be, or was, filed. ECF No. 86 ("[N]o one informed the court about the TRO until just now."). Defendants are similarly situated in this regard. At 5:09 Eastern Standard Time, counsel for Plaintiff contacted undersigned counsel for Defendants and gave notice, for the first time, that plaintiff intended to file three separate motions with this Court. Shortly thereafter, Plaintiff filed those three motions: (1) a motion to amend Plaintiff's complaint seeking to add a new plaintiff and an entirely new and distinct legal theory, filed at 5:34 p.m. EST, ECF No. 82; (2) a motion to certify a class of new plaintiffs based upon the new and distinct legal theory raised for the first time in the motion to amend the complaint, filed at 5:45 p.m. EST, ECF No. 83; and (3) a motion for a temporary restraining order and preliminary injunction based upon this new plaintiff, new proposed class, and new legal theory, filed at 5:57 p.m. EST, ECF No. 84.

In its motion to amend its complaint, Plaintiff acknowledges that it became aware of Jane Doe's situation on September 21, 2017, two weeks ago. ECF No. 82, at 4. Jane Doe is an unaccompanied alien child who was apprehended at the United States-Mexico border after attempting to enter the country without any legal authority to do so less than one month ago. She has been in HHS custody since that time and is being housed in a residential facility in Texas. Plaintiff acknowledges the parties were working to resolve the issue, but that "it became obvious that no such resolution would be reached" as of September 28, 2017. *Id*. Therefore, Plaintiff has known for at least a week that it intended to file the underlying motions in this Court, but provided neither the Defendants nor the Court with any advance notice that it intended to do so. Furthermore, Plaintiff filed at a time of day it knows to be outside of business hours for undersigned counsel.

For these reasons, it is difficult if not impossible for Defendants to present any sort of thorough defense to the motion for a temporary restraining order under such circumstances. To allow the Plaintiff to obtain a temporary restraining order under such circumstances would violate the well-recognized equitable maxim that one "who seeks equity must do equity." *See, e.g.*, *Mfrs.' Fin. Co. v. McKey*, 294 U.S. 442, 449 (1935). Here, the parties had been working together to try to resolve this issue. It would simply be unfair for the Court to force Defendants to do in a matter of hours what Plaintiff has had over a week to do.

Furthermore, granting a temporary restraining order here would be inappropriate and premature. First and foremost, this Court should deny Plaintiff's motion for a temporary restraining order because the motion seeks a restraining order based upon a plaintiff or plaintiffs who are not at this time part of this action, based upon a new and distinct legal theory from the theory set forth by Plaintiff since this case was originally brought on June 24, 2016. Up until several hours ago, Plaintiff was alleging a violation of the First Amendment Establishment Clause on the basis that the Government was improperly entangled with religious entities by providing grants to religiously-affiliated nonprofits to provide residential care services to unaccompanied alien children (UACs) in HHS custody. Plaintiff did so under a theory of taxpayer standing, alleging that it was an inappropriate expenditure of taxpayer money to provide grants to religiously-affiliated nonprofit institutions which had religious objections to directly providing UACs with contraception or abortion services, or access to such services.

Now, Plaintiff is alleging that HHS itself is directly refusing to provide such services to Jane Doe, who is not a party to this case, and others. Jane Doe is not being held in a facility operated by a religiously-affiliated grantee which has an objection to providing her with access to contraception or abortion services, so any harm being suffered by Jane Doe does not result from the alleged Establishment Clause violation Plaintiff has asserted up until this point. This is a completely separate and distinct legal theory of relief, which Plaintiff has not raised at any previous point in this case.

Moreover, it is apparent that venue is lacking with respect to the new claims that a new putative plaintiff seeks to raises on the basis of an entirely different set of operative facts than

those at issue in the operative complaint. 28 U.S.C. 1391(e) sets forth only three limited circumstances in which venue is proper for a claim against federal officials, none of which applies to the new claims. The new plaintiff or plaintiffs cannot rely on the venue allegations of the original complaint, but must independently show that venue is proper here for the new claims. "When the plaintiff asserts multiple claims, it must establish that venue is proper as to each claim." *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014).

Plaintiff also fails to explain how its theory of taxpayer standing extends to this new theory, which does not involve any expenditure of taxpayer funds. Whether Jane Doe is a proper plaintiff to this action, whether other potential class members are proper plaintiffs to this action, and whether Plaintiff may raise an entirely new set of factual allegations and legal theory at this junction of litigation near the end of discovery, are issues this Court must determine as threshold issues, prior to determining whether the granting of a temporary restraining order is appropriate.

Defendants also note that the relief Plaintiff is requesting in its motion for temporary restraining order is essentially a *mandamus* order ordering the Defendants to provide Jane Doe with access to an abortion. Taking such a dramatic step would not only effectively end the case with regard to Jane Doe, it would represent a dramatic reversal of the normal role of a temporary restraining order, which is to preserve the status quo. Here, Plaintiff is effectively asking this Court to grant its temporary restraining order which seeks to upend the status quo, with a degree of finality that this Court cannot revisit after the parties have had a chance to fully brief and argue this issue.

## CONCLUSION

Accordingly, because: (1) Defendants have not been provided with a sufficient time to adequately prepare for and address this issue, (2) granting the Plaintiff's motion for temporary restraining order would require this Court ignore the threshold issue of whether Jane Doe and the legal theory asserted by Plaintiff are even properly before this Court; and (3) because granting the TRO would permanently resolve the case by reversing the present status quo, this Court should deny Plaintiff's "emergency" motion for a temporary restraining order.

October 5, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ALEXANDER K. HAAS (N.D. Cal. #220932)
Special Counsel to the Assistant Attorney General

JOEL McELVAIN
Assistant Branch Director

PETER J. PHIPPS (DC Bar 502904)
Senior Trial Counsel

<u>Martin M. Tomlinson</u>
MARTIN TOMLINSON (S.C. Bar)
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
P.O. Box 883 Ben Franklin Station
Washington, DC 20530
Telephone: (202) 353-4556
Fax: (202) 616-8470
Email: martin.m.tomlinson@usdoj.gov
*Counsel for Defendants*

RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
CV 16-3539-LB

4