CHAD A. READLER
Acting Assistant Attorney General
ALEXANDER K. HAAS (N.D. CAL. #220932)
Special Counsel to the Assistant Attorney General
PETER J. PHIPPS (DC Bar 502904)
Senior Trial Counsel
Civil Division, Federal Programs Branch
United States Department of Justice
P.O. Box 883 Ben Franklin Station
Washington, DC 20530
Telephone: (202) 616-8482
Fax: (202) 616-8470
Email: peter.phipps@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>DON WRIGHT,[1] Acting Secretary of Health and Human Services, *et al.*,<br><br>Defendants. | Civil No. 3:16-cv-3539-LB<br><br>**DEFENDANTS' MEMORANDUM IN OPPOSTION TO PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT** |

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Don Wright, is automatically substituted as a defendant in his official capacity as Secretary of Health and Human Services for Thomas E. Price, M.D.

DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT
CV 16-3539-LB

## INTRODUCTION

Plaintiff's proposed Second Amended Complaint, ECF No. 82-2, seeks a dramatic transformation of this case. As it currently stands, this action asserts that the Department of Health and Human Services (HHS) has violated the Establishment Clause by awarding grants to certain religiously-affiliated organizations that oppose abortion and contraception. The proposed amendments, however, are not about the grant process at all, nor do they have anything to do with religiously-affiliated organizations. Rather, the proposed new plaintiff, Jane Doe, is in HHS custody at a shelter that is located in Texas, not the Northern District of California. White Decl., Ex. 1 at ¶ 2. The HHS grantee that operates that shelter, where Ms. Doe has been cared for during the entire time she has been in HHS custody, is *not* a religiously-affiliated organization, and it does not maintain any religious objections to abortion or contraception. *See* White Decl., Ex. 1 at ¶¶ 3-5. Moreover, the proposed amendments seek to add Ms. Doe as a new individual plaintiff who wishes to pursue *four* new causes of action, in an attempt (a) to transform this case into a class action of all pregnant unaccompanied alien children in HHS custody, and (b) to recover damages against two newly-added federal officials in their individual capacities. In addition, Plaintiff seeks leave to do all of this – add a new plaintiff, two new defendants, four new causes of action, numerous new allegations, and a request for class certification – over fifteen months after initiating this action, just as discovery in this case is about to close and the parties are preparing for dispositive briefing. This action should not be transformed at the last minute in this way. Instead, the new parties may bring their new claims and allegations in a separate action in an appropriate forum – not the Northern District of California, where venue is plainly lacking – but those claims cannot be added as last-minute amendments to this case.

## ARGUMENT

To amend a complaint more than once, as Plaintiff seeks to do, requires either the consent of the opposing parties or leave of court. *See* Fed. R. Civ. P. 15(a)(2). As a general rule, a court should "freely give leave when justice so requires," *id.*, but it has long been established that a motion to amend should be denied if amendment would be futile. *See*

*KlamathLake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) ("[F]utile amendments should not be permitted."); *see also Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 199 (9th Cir. 1987). For instance, when a proposed amendment could not survive a motion to dismiss or summary judgment, the motion to amend should be denied. *See James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss."); *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987) ("[C]ourts have discretion to deny leave to amend a complaint for 'futility,' and futility includes the inevitability of a claim's defeat on summary judgment."). Likewise, if a court would lack jurisdiction over the proposed amendments, or if venue would be improper for the proposed amendments, a motion to amend should be denied on futility grounds. *See, e.g., Merida Delgado v. Gonzales*, 428 F.3d 916, 921 (10th Cir. 2005) (affirming the district court's denial of motion to amend where amendment would not survive jurisdictional challenge); *Amaker v. Haponik*, 198 F.R.D. 386, 392 (S.D.N.Y. 2000) (denying a motion to amend because the claims cannot survive a motion to dismiss for improper venue); *Donovan v. Gober*, 5 F. Supp. 2d 142, 150 (W.D.N.Y. 1998) (denying a motion to amend where the Court would not have jurisdiction over the proposed amended complaint). In addition to futility, when considering whether to allow a party to amend its complaint, courts may consider whether granting a party leave to amend its complaint would result in undue delay or prejudice to the opposing party, and whether the party has previously been granted leave to amend its complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

Plaintiff's motion to amend is futile and imprudent for several reasons. The new plaintiff (Jane Doe), who is in custody in Texas, cannot satisfy the venue requirements. Relatedly, the proposed Second Amended Complaint would significantly alter the course of this proceeding. Nor is joinder of Jane Doe as a plaintiff permitted under Rule 20. Moreover, the proposed amendments are contrary to the *Flores* consent decree, which imposes certain

restrictions on where and under what circumstances claims alleging violations of that decree may be brought.  In addition, Plaintiff's motion to amend is non-compliant with Local Rule 7-2(A) and this court's scheduling order.  For these reasons, Plaintiff's motion to amend should be denied.

## I. Jane Doe Cannot Avail Herself of This Venue.

Plaintiff's motion to amend is futile because the second amended complaint would not survive a motion to dismiss for improper venue.  *See* Fed. R. Civ. P. 12(b)(3); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") (emphasis added).  To establish proper venue, plaintiff cannot simply rely upon the venue allegations applicable to the original plaintiff in the prior complaint, because venue must be proper "as to each claim."  *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014).  Accordingly, before being permitted to proceed with her claims in this forum, Jane Doe must independently demonstrate that venue is proper here for her claims, and she cannot do so under the controlling venue statute, 28 U.S.C. § 1391(e).  *See eBay Inc. v. Digital Point Solutions, Inc.*, 608 F. Supp. 2d 1156, 1161 (N.D. Cal. 2009) (explaining that "the allegations in the complaint need not be accepted as true, and the court may consider evidence outside the pleadings.").

In an official-capacity action against a federal agency, § 1391(e) permits venue in any judicial district:

> in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).  Jane Doe's claims cannot satisfy any of those three permissible bases for venue.  Plaintiff makes no allegation that any purported defendant in this action resides in the Northern District of California.  Nor does plaintiff allege that any part of the events or omissions it seeks to challenge in its proposed amended complaint took place in this District.  And there is no allegation that Jane Doe, a resident of Guatemala who was detained at the border and is currently in HHS custody at a shelter in Texas, has ever set foot in the Northern District of

California, let alone that she has any claim to residence in the District. For these reasons, Plaintiff has failed to satisfy its obligation to demonstrate that venue in this Court is proper, and amendment of the Complaint would be futile.

## II. The Proposed Second Amended Complaint's Attempt to Add Individual-Capacity Defendants Would Present Significant Issues Complicating This Litigation.

Amendment would also be imprudent with respect to the additions of two individual-capacity defendants Steven Wagner and Scott Lloyd, both of whom are federal officials based in Washington, D.C. Not only must Plaintiff demonstrate that venue is proper, but Plaintiff would also have to demonstrate that this Court has personal jurisdiction over these Washington, D.C.-based officials in their individual capacities. Moreover, these individual-capacity claims implicate entirely distinct legal theories and procedures than claims asserted against the federal government. Because a plaintiff who asserts individual-capacity claims seeks money damages from the personal assets of a government official, such a claim implicates defenses unique to the individual-capacity defendant, including their defenses under various immunity doctrines. Notably those immunity doctrines provide immunity from suit, not merely a defense to liability, and for that reason individual-capacity defendants are entitled to take an immediate, interlocutory appeal from any denial of immunity as well as to seek a concomitant stay while that appeal is pending.[2] *Mitchell v. Forsyth*, 472 U.S. 511 (1985).

## III. Jane Doe Cannot Satisfy the Standards for Joinder as a Plaintiff to this Lawsuit.

Rule 20 establishes a two-part test for the permissive joinder of additional plaintiffs to a civil action. Under the terms of the discretionary rule,[3] "[p]ersons may join in one action as plaintiffs if:

---

[2] To avoid any potential confusion, undersigned counsel notes that they do not represent Mr. Wagner or Mr. Lloyd in their individual capacities at this time. This information is provided to contextualize the factual distance between the proposed amended claims and the currently operative complaint. Moreover, this information underscores that plaintiff's proposed amendments would significantly alter this litigation.

[3] Because Rule 20 is permissive, joinder is not required even in situations "falling within the rule's standard," and "the court has the discretion to deny joinder if it determines that the

    (A)    they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    (B)    any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a); *see also Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, (9th Cir. 1980) ("Rule 20(a) imposes two specific requirements for the permissive joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action."). Plaintiff's effort to join Jane Doe (and putative class members) does not satisfy either of the elements for permissive joinder.

    First, Jane Doe cannot be joined to this action because she does not seek joint or several relief related to the same transactions or occurrences as in the prior complaint. This Court has held that the original plaintiff, the American Civil Liberties Union of Northern California ("ACLU-NC"), had standing under the taxpayer exception to seek relief regarding grants from HHS to religious organizations. The taxpayer standing exception is a narrow departure from the usual rule that a plaintiff must show its own concrete and particularized harm to proceed in federal court, and it applies only to certain kinds of Establishment Clause claims. This Court applied the exception to hold that "the ACLU has taxpayer standing to raise its Establishment Clause challenge to the agency's grants to religious organizations." Order Denying Defs' Mot. to Dismiss, slip op. at 2, ECF No. 25 (Nov. 29, 2016). In contrast, Jane Doe does not seek any relief regarding HHS's award of grants to religious organizations; rather, she seeks an order compelling HHS to instruct the facility that shelters her, which is not a religiously-affiliated organization, to provide her access to abortion services. The relief sought by the putative party to be joined (Jane Doe) is therefore substantively distinct from the narrow relief sought by the original plaintiff.

---

addition of the party under Rule 20 will not foster the objective of the rule, but will result in prejudice, expense or delay." 7 Federal Practice and Procedure § 1652 (3d ed. 2017).

In addition, Jane Doe's action does not arise out of the same transaction or occurrence as the original action. ACLU-NC challenges the award of grants to religious organizations. In contrast, the proposed amendments seek to secure Jane Doe's release from a non-religious shelter to have an abortion. These two claims do not involve the same transaction or occurrence: the prior complaint is limited to challenging the *award* of a grant to a *religiously-affiliated organization*, while the proposed second amended complaint seeks to challenge the *administration* of separate grant to a *non-religiously-affiliated organization*. The parties do not seek relief arising out of the same transaction or occurrence, and therefore they cannot be joined in the same action.

Plaintiff also fails to satisfy the second requirement because there are no questions of law or fact common to *all* plaintiffs. The legal issues facing each plaintiff are distinct: ACLU-NC proceeds under the Establishment Clause exclusively; Jane Doe does not rely on the Establishment Clause at all. Nor are there common fact questions. The facts relevant to the ACLU-NC's claim relate to HHS's decision to award a grant to religiously-affiliated organizations, while Jane Doe's claims relate to her current request for an abortion at a shelter that is not religiously-affiliated, long after grants were awarded.

In sum, the proposed Second Amended Complaint is three orders removed from the prior complaint. First, it challenges HHS decisions regarding the administration of a grant, not the award of grants. Second, it does not involve any religiously-affiliated organization – Jane Doe is not in a shelter administered by a religious organization. And third, it asserts causes of action that are entirely distinct from the Establishment Clause theory that the original plaintiff has pursued until now, that is, a theory that the Federal Defendants have made grants to religious organizations with the purpose to promote religion. *See generally Agostini v. Felton*, 521 U.S. 203 (1997), *Lemon v. Kurtzman*, 403 U.S. 602, 612-613 (1971). For these reasons, Rule 20 therefore prohibits Jane Doe's joinder in this action. Jane Doe should proceed instead in a court that could properly hear her claims.

IV. **The Proposed Amendment Would Interfere with and Contravene Other Litigation.**

    A. **Plaintiff's Proposed Amended Complaint Seeks to Add Claims That Overlap With Claims Currently Before Another Federal District Court.**

This is not the only lawsuit that Ms. Doe is pursuing, or even the first one. She initially brought suit in state court, nominally against HHS's grantee, seeking an order to compel that entity to provide her with access to abortion services. Because the grantee operates at HHS's direction, that lawsuit is in substance directed at the Federal Defendants, and accordingly that suit has been removed to the Southern District of Texas. Plaintiff's motion to amend should therefore also be denied because this Court should not hear the claims or allegations concerning Ms. Doe under the "first-to-file rule," which gives a federal district court discretion to dismiss, stay, or transfer a case to another district court where a case raising substantially overlapping claims was filed first. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). "The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013) (citing *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979).

A court has discretion to decline to apply the first-to-file rule in the interests of equity, or where the balance of convenience as provided in 28 U.S.C. § 1404(a) weighs in favor of the action filed second. *Wallerstein*, 967 F. Supp. 2d at 1293 (citing *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010)). However, the Ninth Circuit has specifically cautioned district courts that such determinations about the balance of convenience should be left to the court presiding over the action that was filed first. *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)). The three factors analyzed by courts in determining whether to apply the first-to-file rule are: (1) the chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *Alltrade*, 946 F.2d at 625.

For the purposes of determining which of two actions was filed first chronologically in a case that has been removed to federal court, the court looks at when the action was originally

filed in state court, not when it was removed. *Torn Ranch, Inc. v. Sunrise Commodities, Inc.*, 2009 WL 2834787 at *4 (N.D. Cal. Sept. 3, 2009) (citing *Igloo Prods. Corp. v. The Mounties, Inc.*, 735 F. Supp. 214, 217 (S.D. Tex. 1990)).  Here, Jane Doe, whom Plaintiff seeks to add as a plaintiff to this action in its proposed second amended complaint, filed a state habeas lawsuit in the 107th Judicial District, Cameron County, Texas, Cause No. 2017-DLL-06644, on October 5, 2017, at 3:31 p.m. Central Time, Ex. 2 at 4, seeking to force grantees who are acting on behalf of HHS with regard to Ms. Doe to release her for a scheduled abortion procedure.  This action, *In re Jane Doe v. International Educational Services (I.E.S.), Inc.*, was removed to the United States District Court for the Southern District of Texas, where it has been assigned case no. 1:17-cv-00211, on October 8, 2017.[4]  Plaintiff did not file its motion to amend its complaint in this matter until 2:34 p.m. Pacific time on October 5, 2017, which was 4:34 Central time, or roughly one hour after the Texas action had already been initiated.  ECF No. 82.

The plaintiff in that action, Jane Doe, is the very same Jane Doe whom Plaintiff is attempting to add to this litigation as a plaintiff, and on whose behalf Plaintiff is seeking injunctive relief.  The defendants in that case are grantees in whose shelter Jane Doe currently resides.  However, she resides in the shelter while being held in custody by HHS, and the requirements and regulations governing the services grantees provide to Ms. Doe are set forth by HHS.  Accordingly, while defendants in the Texas action are not federal officers, they are certainly acting as agents of the Government in so far as the allegations of this action are concerned, and that case was removed on that basis.

Finally, the issues raised in that case are very similar to the new issues Plaintiff seeks to introduce into this litigation now.  Ms. Doe argues that, having obtained a judicial bypass order in state court, HHS and its agents are required to release her from grantees' custody so that she may undergo an abortion procedure.  These are virtually identical to allegations Plaintiff seeks to raise in its proposed second amended complaint, ECF No. 82-2 at ¶¶ 22, 37, 39, 44, and the

---

[4] Copies of the relevant state court pleadings and removal to federal court are provided to this Court as an attachment to this pleading.  Ex. 2.

DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT
CV 16-3539-LB

relief sought by Ms. Doe in the Texas action is virtually identical to the injunctive relief Plaintiff seeks from this Court in its motion for TRO.  ECF No. 91.

Accordingly, there is a pending action in federal court in the Southern District of Texas that was filed before Plaintiff sought to bring these allegations into this litigation, involving essentially the same parties and the same factual and legal issues raised in Plaintiff's proposed second amended complaint.  Given that venue is improper in this Court, and that Ms. Doe is located in the Southern District of Texas, has legal counsel providing her with assistance there, and all of the allegations concerning HHS's denial of access to the procedure sought occurred in that district, it would unquestionably be more convenient to litigate these issues in the Texas action.  This Court should therefore abstain from issuing any order which may affect the issues being litigated in that previously-filed matter and deny Plaintiff's motion to amend its complaint under the first-to-file rule.

### B. Plaintiff's Proposed Amended Complaint Conflicts With the Terms of the *Flores* Settlement Agreement

Plaintiff's proposed amendment seeks to add the allegation that Jane Doe and potentially other unaccompanied alien children are being denied "family planning services[] and emergency health care services[,]" as required under Exhibit 1 to the *Flores* settlement agreement. However, plaintiff ignores the conditions that are built into the *Flores* settlement agreement regarding claims for its enforcement.  As relevant here, paragraph 24B of the *Flores* settlement agreement has explicit venue requirements and forbids class actions:

> Any minor who disagrees with the INS's determination to place that minor in a particular type of facility, *or who asserts that the licensed program in which he or she has been placed does not comply with the standards set forth in Exhibit 1*, may seek judicial review in any United States District Court *with jurisdiction and venue over the matter* to challenge that placement determination or to allege noncompliance with the standards set forth in Exhibit 1. *In such an action, the United States District Court shall be limited to entering an order solely affecting the individual claims of the minor bringing the action.*

Flores Agreement, Ex. 3, at ¶ 24B (emphasis added).  Both of those conditions bar plaintiff's proposed amendment.  As explained above, this Court is not the proper venue for Jane Doe's claim. In addition, as paragraph 24B makes explicit, enforcement of the *Flores* agreement

cannot proceed through class action, as plaintiff's amended pleadings attempt to do. For these reasons as well, plaintiff's second motion to amend the complaint should be denied.

## V.    Amendment Is Precluded Both by Court Order and Local Rule.

The Case-Management and Pretrial Order (Bench), ECF No. 41 (Dec. 22, 2016) provided a firm deadline of February 20, 2017, "to seek leave to add new parties or amend pleadings." *Id.* at 2. By operation of that order, plaintiff's untimely motion, which seeks to add parties and amend pleadings after that court-ordered deadline, should be denied.

Similarly, plaintiff's motion to amend is governed by the timeline in Civil Local Rule 7-2(A), which requires that "all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after the filing of the motion." Plaintiff has not properly noticed the motion to amend in compliance with that rule.

For these reasons, even if plaintiff could overcome the more fundamental procedural hurdles necessary for the putative plaintiff to proceed in this District, Jane Doe would have to commence a new action instead of proceeding through amendment and joinder.

## VI.    Plaintiff's Motion to Amend Is Dilatory and Prejudicial.

As explained in more detail in the previous sections, allowing Plaintiff to amend its complaint to bring in a new plaintiff, two new defendants, new factual allegations and four new causes of action would be futile. In addition, allowing Plaintiff to amend its complaint now would prejudice Federal Defendants. This litigation was initiated on June 24, 2016, so the parties have already been in litigation over Plaintiff's existing allegations and legal claim for over fifteen months. The parties have engaged in significant discovery concerning Plaintiff's Establishment Clause claim, and are currently nearing the end of discovery and the beginning of summary judgment briefing, which may lead to final resolution on the case. Adding a new plaintiff, potentially an entire nationwide class of new plaintiffs, new defendants, new facts, and four new legal claims would in all likelihood substantially delay the conclusion of this litigation. Given the importance of the grant program that is at issue in the operative complaint, and the significant time and energy the parties have already spent on the current litigation, it would be unfair at this late stage to modify the litigation in such a dramatic fashion.

Furthermore, Plaintiff has unduly delayed its attempt to amend its complaint in a manner that has prejudiced the Federal Defendants. While Ms. Doe's situation has arisen recently, even by Plaintiff's own allegations it has been aware of this issue for some time, as it alleges that a similarly-situated unaccompanied alien child in HHS custody was denied access to a requested abortion procedure in March 2017. ECF No. 82-2 at ¶ 41. Plaintiff also seeks to amend its complaint to add a number of new allegations about actions taken by HHS officials some time in the past not directly related to Ms. Doe's case, which Plaintiff has presumably been aware of for some time. *See, e.g.*, ECF No. 82-2 at ¶¶ 40, 42-44. Plaintiff has offered no explanation for why it did not seek to amend its complaint to include these allegations when it first became aware of them.

Finally, Federal Defendants note that Plaintiff has already been given leave to amend its complaint once before, on February 2, 2017. ECF No. 56. Given that Plaintiff has already amended its complaint once, that it unduly delayed attempting to amend its complaint a second time, and that such an amendment would prejudice Federal Defendants at this late stage of the litigation, this Court should exercise its discretion to deny Plaintiff leave to amend its complaint under Rule 15.

## CONCLUSION

For the foregoing reasons, plaintiff's second motion to amend complaint should be denied.

October 9, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ALEXANDER K. HAAS (N.D. Cal. #220932)
Special Counsel to the Assistant Attorney General

/s/ Peter J. Phipps
PETER J. PHIPPS (DC Bar 502904)
Senior Trial Counsel
Civil Division, Federal Programs Branch
United States Department of Justice
P.O. Box 883 Ben Franklin Station
Washington, DC 20530
Telephone: (202) 616-8482
Fax: (202) 616-8470
Email: peter.phipps@usdoj.gov
*Counsel for Defendants*

DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT
CV 16-3539-LB