ELIZABETH O. GILL (SBN 218311)
JENNIFER L. CHOU (SBN 304838)
MISHAN R. WROE (SBN 299296)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: *egill@aclunc.org*
Email: *jchou@aclunc.org*
Email: *mwroe@aclunc.org*

BRIGITTE AMIRI (*pro hac vice*)
MEAGAN BURROWS (*pro hac vice motion forthcoming*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2633
Facsimile: (212) 549-2652
Email: *bamiri@aclu.org*
Email: *mburrows@aclu.org*

*Attorneys for Plaintiff*

[ADDITIONAL COUNSEL ON FOLLOWING PAGE]

**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA,, <br><br> Plaintiff, <br><br> v. <br><br> DON WRIGHT, Acting Secretary of Health and Human Services, *et al.*, <br><br> Defendants, <br><br> v. <br><br> U.S. CONFERENCE OF CATHOLIC BISHOPS, <br><br> Defendant-Intervenors. | Civil No. 3:16-cv-3539-LB <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND THE COMPLAINT** |

---

*AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA V. WRIGHT ET AL.*,
PLAINTIFF'S REPLY TO DEFENDANTS' AND USCCB'S OPPOSITIONS TO PLAINTIFF'S SECOND
MOTION FOR LEAVE TO AMEND THE COMPLAINT
CIVIL NO. 3:16-CV-3539-LB

MELISSA GOODMAN (SBN 289464)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5299
Email:  *mgoodman@aclusocal.org*

DANIEL MACH (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street NW
Washington, DC 20005
Telephone: (202) 675-2330
Email: *dmach@aclu.org*

*Attorneys for Plaintiff*

# INTRODUCTION

Both Federal Defendants' and USCCB's (collectively "Opponents") arguments in opposition to Plaintiff's motion to amend the complaint hinge on the same faulty premise – that the claims Plaintiff Jane Doe proposes to add are unrelated to the case Plaintiff ACLU of Northern California (ACLU-NC) is currently litigating. To the contrary, the gravamen of both Plaintiff ACLU-NC's and Plaintiff Jane Doe's claims are one and the same – the Federal Defendants' nationwide policies that affirmatively require or authorize grantees to unconstitutionally obstruct or deny pregnant unaccompanied immigrant minors (UCs) access to reproductive health care, in violation of the First and Fifth Amendments. Opponents' attempt to disentangle and differentiate inextricably linked claims arising from the same unconstitutional root – a root that stretches into the soil of this District – must be rejected. Similarly, Opponents' futility and prejudice arguments, based on the same faulty premise that the proposed amendments are unrelated to the original action, also must fail. Given this, and the countervailing interests of justice, efficiency, and convenience that counsel in favor of permitting amendment, Plaintiff respectfully requests that this Court grant its Motion for Leave to Amend, as "justice so requires." Fed. R. Civ. P. 15(a)(2).

# ARGUMENT

**I.   Permitting Amendment Would Not be Futile Because Jane Doe, the Proposed Plaintiff Class, and Their Claims Are Properly Before This Court.**

    **A. Venue Is Proper in the Northern District of California as to Jane Doe's Claims.**

        **1. Venue Is Proper Under 28 U.S.C. § 1391(e) Because a Substantial Part of the Events Giving Rise to Jane Doe and Class Claims Against Federal Defendants Occurred in This District.**

---

Opponents' venue arguments, Defs.' Opp to Pls.' Mot. to Amend ("Def.'s Opp.) at 3-4; USCCB's Opp. to Mot. to Amend ("USCCB's Opp.") at 8-10, are premised on a mistaken belief that because Plaintiff Jane Doe resides in and is suffering harm in Texas, and because the Federal Defendants' reside in D.C., venue as to Jane Doe's claims is only proper in district courts in those two places. This could not be further from the truth. Indeed, as Federal Defendants correctly state, venue is proper in *any* judicial district in which "a substantial part of the events or omissions giving rise" to the relevant claims occurred. Defs.' Opp at 3 (quoting 28 U.S.C. § 1391(e)). To assess proper venue on this basis, courts focus on identifying the alleged wrongful "activities of the defendant," *Kelly v. Echols*, No. Civ. F05118 AWI SMS, 2005 WL 2105309, *12 (E.D. Cal. Aug. 30, 2005), and then determine "whether a substantial part of those acts took place in the [chosen] forum," *All. for Multilingual Multicultural Educ. v. Garcia*, No. C 11-0215 PJH, 2011 WL 2532478, at *7 (N.D. Cal. June 24, 2011). Importantly, "[i]t is not necessary that a majority of the events occurred in the district[], that the events in that district predominate, or that the chosen district is the 'best venue,'" *see Kelly*, 2005 WL 2105309, at *12; only that some material acts or omissions "bear[ing] a close nexus" to the claims, so as to be considered "substantial" for venue purposes, occurred within the chosen forum. *Martensen v. Koch*, 942 F. Supp. 2d 983, 997 (N.D. Cal. Apr. 30, 2013), *on reconsideration in part*, No. C-12-05257 JSC, 2013 WL 4734000 (N.D. Cal. Sept. 3, 2013).

Venue is proper here because the alleged wrongful acts underlying Plaintiff Jane Doe's and the Proposed Class claims – namely, Federal Defendants' creation and enforcement of nationwide policies allowing them to, *inter alia*, exercise an unconstitutional veto power over UCs' access to abortion – have occurred and continue to occur in this District. The ORR policies regarding the treatment of pregnant UCs that Plaintiff Jane Doe and the Proposed Class seek to

challenge apply to *all grantees* across the country. *See* Ex. B to Decl. of B. Amiri in Supp. of Pls.' Mot. for TRO and PI ("TRO Amiri Decl."), Doc. 84-3, PRICE_PROD_00004531-32. At least two grantee shelters are in this District – Southwest Key Pleasant Hill of Contra Costa County, California and Catholic Charities of Santa Clara County, California. What's more, documents obtained from Defendants in discovery show that these shelters – subject to Defendants' policies and directions – have housed pregnant UCs in the past, *see* Decl. of B. Amiri in Supp. of Pls.' Mot. for Class Cert., Ex. C-3, Doc. 83-6, PRICE_PROD_00009730, and, given the number of pregnant UCs in the custody of the Federal Defendants', *see, e.g.*, *id.* at Exs. B and D, docs. 83-4, 83-10, common sense dictates they will likely do so again in the future. Thus, just as with Plaintiff's Establishment Clause claims, "the impact of the [First and Fifth Amendment] violation[s] . . . is occurring in this district." Order Denying the Defs.' Mot. to Transfer ("Order"), Doc. 76, at 6. Accordingly, venue is proper here under 28 U.S.C. § 1391(e).

### 2. In the Alternative, The Court Should Apply Pendent Venue to Plaintiff Jane Doe's Claims Because They are Closely Related to Plaintiff ACLU-NC's Originally Venued Establishment Clause Claims.

Even if the policies giving rise to Plaintiff Jane Doe and the Proposed Class's First and Fifth Amendment claims were not also being enforced in District, the close relationship between Plaintiff ACLU-NC's existing claim and these proposed claims would warrant finding pendent venue for the latter here. Under the pendent venue doctrine, once a court has determined that venue is proper as to one claim, it may exercise pendent venue over the claims that are not otherwise subject to venue if those claims are "closely related" to the venued claim. *See, e.g.*, *United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 753 (N.D. Cal. 2015) (exercising pendent venue over plaintiff's abuse of process and malicious prosecution claim – which were based on events that occurred in the Northern District of Indiana – because

plaintiff's conspiracy claim – based on events that occurred in California – was properly venued in the Northern District of California); *Martensen*, 942 F. Supp. 2d at 998 (noting that "courts in this District have applied the pendent venue doctrine" in exercising pendent venue over plaintiff's Section 1983 claim where the claim was brought against the same defendant as plaintiff's venued false imprisonment claim and encompassed "many of the same events that comprise[d]" that claim).

In making the discretionary decision as to whether to apply pendent venue in a particular case, courts consider not only whether the claims are closely related, but also look to "principles of judicial economy, convenience, avoidance of piecemeal litigation, and fairness to the litigants." *Id.*; *Legal Additions LLC v. Kowalski*, No. C-08-2754 EMC, 2009 WL 1226957, at *11 (N.D. Cal. Apr. 30, 2009) (factors to consider in reviewing the propriety of pendent venue include whether the claims originate from a common nucleus of operative fact, the existence of common issues of proof, the existence of similar witnesses).

These factors all counsel in favor of finding pendent venue for Jane Doe's claims here. As a threshold matter, venue for Plaintiff ACLU-NC's Establishment Clause claim is not in dispute. *See* 28 U.S.C. § 1391(e); Order. Moreover, as explained above, the originally venued Establishment clause claim and Jane Doe's claims are more than just "closely related"; they are inextricably bound together, such that Plaintiff ACLU-NC and Jane Doe are essentially suing over a single wrong – ORR actions and policies that violate both the First and Fifth Amendments by authorizing and/or directly instructing grantee shelters to restrict UC's access to abortion and related health care services.

That litigation of these closely related claims will likely involve "common issues of proof" and "similar witnesses" further supports litigating all claims together. Both the

*AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA V. WRIGHT ET AL.*,
PLAINTIFF'S REPLY TO DEFENDANTS' AND USCCB'S OPPOSITIONS TO PLAINTIFF'S SECOND
MOTION FOR LEAVE TO AMEND THE COMPLAINT
CIVIL NO. 3:16-CV-3539-LB                  4

Establishment Clause claim and Jane Doe's claims require and rely upon similar evidence – documents and memoranda generated by the Federal Defendants, internal emails discussing policies and issues with grantees, and external communications to grantees. Indeed, that Plaintiff obtained a significant amount of the information giving rise to Jane Doe and the Proposed Class's claims from Defendants in course of discovery related to the existing Establishment Clause claim shows the commonality of issues of proof here. Moreover, given the overlap between the parties, Plaintiff anticipates the relevant witnesses here will be nearly identical.

Finally, given this Court's familiarity with the relevant parties and many of the relevant facts and, in light of the fact that Opponents are already litigating Plaintiff's Establishment clause claim this District, litigating all these related claims together here would be efficient, convenient and fair, and would avoid many of the problems associated with piecemeal litigation. *See, e.g.*, *Martensen*, 942 F. Supp. 2d at 998 (N.D. Cal. 2013) ("[w]hen a defendant must appear in a forum to defend against one claim, it is often reasonable to compel that defendant to answer other claims in the same suit arising out of a common nucleus of operative facts"). As such, even if this Court finds venue to be improper under 28 U.S.C. § 1391(e), pendent venue would apply to Jane Doe's claims here.

**B. Jane Doe May Be Joined as a Plaintiff Under Rule 20.**

Defendants' arguments regarding the impermissbility of joinder fail for many of the same reasons. Rule 20(a) permits the joinder of plaintiffs in one action where (1) the plaintiffs' claims arise from the same transaction, occurrence, or series of transactions or occurrence and (2) there are common questions of law and fact. This Rule is "to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th

---

*AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA V. WRIGHT ET AL.*,
PLAINTIFF'S REPLY TO DEFENDANTS' AND USCCB'S OPPOSITIONS TO PLAINTIFF'S SECOND
MOTION FOR LEAVE TO AMEND THE COMPLAINT
CIVIL NO. 3:16-CV-3539-LB            5

Cir. 1997). "Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Hill v. R+L Carriers, Inc.*, No. C 09-1907 CW, 2011 WL 1990651, at *1 (N.D. Cal. May 23, 2011) (quoting *League*, 558 F.2d at 917). A determination on the question of joinder of parties "lies within the discretion of the district court," *Corley v. Google, Inc.*, 316 F.R.D. 277, 282 (N.D. Cal. 2016), and misjoined parties may only be severed "so long as no substantial right will be prejudiced by the severance," *Jones v. Bayer Healthcare LLCw*, No. C 03-05531 JSW, 2005 WL 1489525, at *1 (N.D. Cal. June 23, 2005).

As already explained, even though Plaintiffs ACLU-NC and Jane Doe assert different claims, all of their claims arise from a "similar[] . . . factual background" – namely actions carried out by the same Federal Defendants' permitting or authorizing shelters to violate UCs' right to access abortion care and related health services. *Smith v. Cty. of Santa Clara*, No. 5:11-CV-05643 EJD, 2013 WL 3242346, at *4 (N.D. Cal. June 25, 2013) (noting that while "[S]imilarity in the factual background of a claim is the key factor," courts are mindful that the term "'transaction' in this context takes on a flexible meaning; [a]bsolute identity of all events is unnecessary.") (internal quotations and citations omitted); *Ames v. City of Novato*, No. 16-CV-02590-JST, 2016 WL 6024587, at *2 (N.D. Cal. Oct. 14, 2016) (finding plaintiffs to have satisfied requirements for permissive joinder even though one alleged discrimination based on her sex and another alleged discrimination based on his sexual orientation, where the claims both arose "from the alleged pattern and practice of discriminatory practices" carried out by the same defendants). Moreover, these claims all allege federal constitutional violations based on Defendants obstruction of the right to access an abortion and give rise to "common" factual questions concerning the nature and extent of restrictions imposed on UCs' rights to access

---

*AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA V. WRIGHT ET AL.*,
PLAINTIFF'S REPLY TO DEFENDANTS' AND USCCB'S OPPOSITIONS TO PLAINTIFF'S SECOND
MOTION FOR LEAVE TO AMEND THE COMPLAINT
CIVIL NO. 3:16-CV-3539-LB                6

abortion and reproductive health care services when they are in the legal custody of the Federal Defendants and residing in grantee shelters.

Accordingly, where, as here, the case "involves just two Plaintiffs with substantially similar legal claims that arise out of the same factual allegations and are made against the exact same Defendants," *Ames*, 2016 WL 6024587, at *3, joining Jane Doe and the Proposed Plaintiff Class would not unfairly prejudice Opponents. Instead, given the factual overlap between the claims and parties, joinder would promote judicial economy by subverting the need for any duplicative discovery, or – later down the line – presentation of evidence and witness testimony, thereby making litigation less expensive for all involved. *Id.*

**II.     Plaintiff Jane Doe's Claims Do Not Conflict or Interfere with Other Litigation.**

Defendants also argue that this Court should apply the "first-to-file rule" to deny Plaintiffs' proposed motion to amend.[1] Defs.' Opp. at 7-9. The first-to-file rule is a discretionary rule that "allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court."[2] *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). This rule has no application here because the instant lawsuit and the lawsuit currently pending before the Southern District of Texas address completely separate and distinct legal issues against different defendants.

---

[1] Defendants argument that Plaintiff's motion should be denied because the proposed amendments "conflict with the terms of the *Flores* Settlement Agreement", Defs.' Opp. at 9-10, is irrelevant. Plaintiff Jane Doe is not seeking to enforce the *Flores* consent decree – her claims arise under the First and Fifth Amendments of the federal Constitution.

[2] Given the negligible lapse of time between when the Texas case was filed (3:31 p.m. Central Time, October 5, 2017, Defs.' Opp. at 9) and when Plaintiff filed its motion to amend (4:34 p.m. Central Time, October 5, 2017, ECF No. 82), this Court may also choose to disregard the first-to-file rule entirely. *Selection Mgmt. Sys., Inc. v. Torus Specialty Ins. Co.*, No. 4:15-CV-05445-YGR, 2016 WL 304781, at *3 (N.D. Cal. Jan. 26, 2016).

In evaluating whether two actions involve similar issues, courts must determine whether there is "substantial overlap" between the two suits. *See Kohn Law Grp., Inc.*, 787 F.3d at 1241. The case currently pending in the Southern District of Texas is a case filed originally in the state court, by Ms. Doe's attorney and guardian ad litems, against the shelter where Jane Doe resides, alleging state law claims that the shelter neglected Jane Doe's health needs. Showing the extent to which Federal Defendants will interfere with Ms. Doe's access to abortion, the Department of Justice swooped in to represent the shelter and improperly removed the matter to federal court. But the gravamen of the Texas matter involves a state custody procedure. In contrast, the case pending before this court addresses federal constitutional claims, against federal defendants, in federal court, seeking preliminary and permanent injunction relief on behalf of Jane Doe and similarly situated individuals, and damages for Ms. Doe. Although "[t]here is, without a doubt, similarity in the underlying background information between the pending actions . . . . there are important differences between the cases." *Benson v. JPMorgan Chase Bank, N.A.*, No. C-09-5272 EMC, 2010 WL 1445532, at *3 (N.D. Cal. Apr. 7, 2010) (two actions addressed materially different issues where one focused on a bank's system-wide failure to ensure compliance with banking law, and the other focused on a particular bank branch's affirmative actions to facilitate a Ponzi scheme). Separate adjudication of the two lawsuits in question would not create risk of "absurdly conflicting determinations." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 960 (N.D. Cal. 2008). A finding in Texas regarding the shelter's neglect of Jane Doe's health needs would not impact this Court's ability to evaluate the constitutional claims she, and the Proposed Class, raises in this action.

### III. Given the Substantial Factual and Legal Overlap Between the Existing and Proposed Claims, Permitting Amendment Would Neither Unduly Delay Proceedings Nor Prejudice the Other Parties.

---

AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA V. WRIGHT ET AL.,
PLAINTIFF'S REPLY TO DEFENDANTS' AND USCCB'S OPPOSITIONS TO PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND THE COMPLAINT
CIVIL NO. 3:16-CV-3539-LB                8

Finally, contrary to Opponents' hyperbolic arguments, permitting amendment here would neither prejudice the other parties nor unduly delay proceedings. First, Federal Defendants cannot claim unfair surprise at Plaintiff's filing of this motion now, Defs.' Opp. at 10-12, when Plaintiff only became aware of the facts giving rise to the claims recently, when Plaintiff's counsel reviewed discovery obtained from Federal Defendants, but primarily when Ms. Doe's advocates contacted Plaintiff's counsel on September 21, 2017. Plaintiff immediately contacted Defendants' counsel to inform them that their policies were unconstitutional, and asked Federal Defendants to change their policies and practices – generally and with respect to Jane Doe – before moving to amend the suit. Plaintiff's counsel made clear that, absent such change, they planned to challenge these policies and actions in court. TRO Amiri Decl., Doc. 84-1, ¶¶ 2-5.

Second, given the substantial overlap between the additional claims and those already being litigated here, Plaintiff does not anticipate that a ruling in its favor would require extensive additional discovery, such that it would be necessary to indefinitely postpone agreed upon deadlines or "vastly prolong" this case. USCCB's Opp. at 6-8; Defs.' Opp at 10. To the contrary, because Jane Doe's claims arise from similar facts – facts that have come to Plaintiff's attention in part through documents obtained via discovery already – Plaintiff believes that so long as Federal Defendants *actually comply* with their existing discovery obligations to supplement their discovery responses, Plaintiff is unlikely to need to make additional requests for production of documents. Similarly, because of the substantial overlap between the parties here, Plaintiff only foresees having to make some slight alterations to the planned depositions and having to notice one deposition in addition to those already noticed. Such minor adjustments to the discovery and/or to briefing schedules (and any associated minor inconveniences) does not warrant denying Plaintiff's request for leave, particularly where, as here, the claims arise from the same factual

---

*AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA V. WRIGHT ET AL.*,
PLAINTIFF'S REPLY TO DEFENDANTS' AND USCCB'S OPPOSITIONS TO PLAINTIFF'S SECOND
MOTION FOR LEAVE TO AMEND THE COMPLAINT
CIVIL NO. 3:16-CV-3539-LB                9

basis and the principles of judicial economy and efficiency counsel strongly in favor of litigating in the forum that is familiar with the parties and facts.[3]

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's motion to amend.

DATED:  October 10, 2017
ACLU FOUNDATION OF NORTHERN CALIFORNIA, INC.

By: /s/ Brigitte Amiri
    Brigitte Amiri
    Attorneys for Plaintiff

---

[3] Nor do the Case-Management and Pretrial Order, Defs.' Opp at 10, and Local Rule 7-2(A), *id.*; USCCB's Opp. at 3-4, warrant denial of Plaintiff's motion here. Defendants cannot shield their unconstitutional conduct from this Court's review by virtue of the fact that they created and began enforcing their unconstitutional policies in March – a mere month after the deadline to amend contemplated in the Court Order, and it defies common sense to expect Plaintiff to have noticed its motion so far in advance here, where the motion was filed part in parcel with the accompanying request for *emergency* injunctive relief based on facts that had only just come to light and circumstances that were evolving up to and including the day of the filing.

---